| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>In re:<br><br>Anthony L Golio a/k/a Anthony Leonard<br>Golio, Sr. a/k/a Antonio L. Golio,<br><br>                Debtor.<br>----------------------------------------------------------x<br>Patricia Gilman f/k/a Patricia Golio,<br><br>                Plaintiff,<br><br>   - against -<br><br>Anthony L Golio a/k/a Anthony Leonard<br>Golio, Sr. a/k/a Antonio L. Golio,<br><br>                Defendant.<br>----------------------------------------------------------x | FOR PUBLICATION<br><br><br>Case No.: 807-72782-478<br><br><br>Chapter 7<br><br><br>Adv. Pro. No.: 807-8302-478 |

# MEMORANDUM DECISION

Appearances:

                             Daniele D. De Voe, Esq.
                              *Attorney for Plaintiff*
                         Weinstein, Kaplan & Cohen, P.C.
                        1325 Franklin Avenue, Suite 210
                           Garden City, New York 11530


                                 Dennis Houdek, Esq.
                              *Attorney for Defendant*
                            305 Broadway, Seventh Floor
                            New York, New York 10007


Hon. Dorothy Eisenberg, United States Bankruptcy Judge

Before the Court is the Plaintiff's request for a determination that two state court judgments rendered in favor of the Plaintiff against the Debtor Defendant are nondischargeable domestic support obligations under 11 U.S.C. § 523(a)(5), or nondischargeable indebtedness owed to a former spouse that was incurred by the Debtor in connection with a separation agreement, divorce decree or other order of a court of record under 11 U.S.C. § 523(a)(15). The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(A), (I), and (O), and 11 U.S.C. §§ 523(a)(5) and (a)(15). Based on the facts and law in this case, the Plaintiff's request will be granted. The following constitutes the Court's findings of fact and conclusions of law as mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTS

The Plaintiff and the Defendant were married in 1972. Their son was born the following year and their daughter was born in 1975. Prior to the parties' marriage, the Plaintiff worked part-time as a key punch operator. Shortly before their first child was born, the Plaintiff ceased working to take care of their children. The parties separated in 1987 due to irreconcilable differences and entered into a Stipulation of Settlement, dated November 30, 1987 ("Stipulation of Settlement"). The Judgment of Absolute Divorce which incorporated the terms of the Stipulation of Settlement was entered and filed with the Nassau County Clerk's office on July 25, 1988 (the "Divorce Judgment").

Pursuant to the Stipulation of Settlement and Divorce Judgment, the Plaintiff was granted sole custody of the children and exclusive occupancy of the marital residence. The Defendant was allowed to reside in the marital residence until September 1, 1988. Should the Defendant

fail to vacate the marital residence when required for any reason, the Defendant agreed to pay the Plaintiff $150 per day he occupies the marital residence. Notwithstanding such payment, the Plaintiff could commence legal proceedings to remove the Defendant from the marital residence and the Defendant agreed to reimburse the Plaintiff for all of the expenses incurred as a result, including reasonable attorney's fees and costs. In addition, the Defendant agreed to execute and deliver to the Plaintiff a bargain and sale deed transferring all of his right, title and interest in the marital residence to Plaintiff so that she would own 70% of the marital residence and hold the remaining 30% for the children as trustee. The Plaintiff and Defendant also agreed to indemnify and hold the non-defaulting party harmless for any and all expenses and/or damage, including reasonable attorneys fees and litigation expenses, as a result of his or her breach of the Stipulation of Settlement.

The Defendant was required to make child support payments, including the children's medical and dental expenses that were not covered by the children's health insurance pursuant to the terms of the Stipulation of Settlement and the Divorce Judgment. In return, Plaintiff did not make any claim for maintenance or alimony and gave up any interest or claim that she had in the Defendant's interest in numerous real properties in Pennsylvania, New Jersey, and Marco Island, Florida; ten or more gas stations in which the Defendant had an equity interest; and the Defendant's investments in two oil exploration companies.

The Defendant had significantly greater assets than his former spouse, the Plaintiff herein. The Defendant, however, refused to honor the Stipulation of Settlement and Divorce Judgment. The Defendant never transferred his 50% interest in the marital residence to Plaintiff and thus a portion of that interest never went to the trust that was intended for the children. The

Defendant not only failed to pay for medical and dental expenses of the children but he also failed to turn over to the Plaintiff the checks issued by the health insurance company for reimbursement of the children's medical expenses that the Plaintiff paid out-of-pocket.

After her divorce, the Plaintiff worked full time as a bookkeeper for an advertising company earning approximately $18,000 to $20,000 per year in gross income and had difficulty supporting herself and her children on her income alone. When the Defendant failed to leave the marital residence, the Plaintiff sought to have the Stipulation of Settlement and Divorce Judgment enforced. The Plaintiff eventually had the Defendant evicted from the marital residence in June of 1989. Pursuant to an order dated May 30, 1990 and entered on June 4, 1990 ("June 4, 1990 Order"), the state court awarded Plaintiff $22,500 for the 150 days that the Defendant had remained at the marital residence prior to his eviction in addition to $5,992.59 of medical expenses for which the Defendant had failed to reimburse the Plaintiff. The Defendant never paid the Plaintiff the 28,422.50 awarded by the June 4, 1990 Order.

After the Defendant's eviction, the Defendant failed to pay the real estate taxes on the marital residence as required pursuant to the Divorce Judgment. Accordingly, the Town of Hempstead entered a tax lien against the martial residence and sent notices to the Plaintiff that it was going to foreclose on the tax lien. Even though Plaintiff informed the Defendant of the foreclosure notices, the Defendant refused to pay the real estate tax lien. In anticipation of losing the marital residence due to foreclosure and being evicted, the Plaintiff moved to Florida with their daughter in November of 1990 in order to live with or near her parents. The parties' son had moved out of the marital residence earlier due to a dispute with the Plaintiff and decided not to accompany his mother and sister to Florida. The Plaintiff did not compel her son to

accompany her as he was five months shy of his eighteenth birthday and the age of emancipation.

On the same date that the Plaintiff moved to Florida, the son moved back to the marital residence.  The Defendant moved back into the marital residence in December of 1990 without the Plaintiff's consent and eventually satisfied all the liens against the marital residence and continued to live at the marital residence for more than 13 years when he moved out in March of 2004.  From time to time, the Defendant rented the marital residence to multiple boarders who would pay the Defendant rent without obtaining Plaintiff's consent.

The Plaintiff sought to enforce the Stipulation of Settlement and Divorce Judgment on various occasions but her efforts ceased whenever she ran out of funds to pursue the litigation. In January of 2003, the Plaintiff again sought to enforce the Stipulation of Settlement and Divorce Judgment in state court and the matter was referred to Special Referee Marston C.D. Gibson ("Referee Gibson").  Referee Gibson issued a report dated May 21, 2004 (the "May 21, 2004 Report") finding, *inter alia*, that the Plaintiff was entitled to payment of the $28,422.50 plus statutory interest awarded by the June 4, 1990 Order and $115,200 of additional child support from the date the Divorce Judgment was entered to the date of the daughter's emancipation, plus interest.  Although the Plaintiff sought to enforce the Defendant's obligation to transfer his 50% interest in the marital residence, Referee Gibson found that the 6-year statute of limitations under N.Y. C.P.L.R. 213 for bringing an action to enforce the transfer of the Defendant's interest in the residence pursuant to the Stipulation of Settlement and Divorce Judgment had passed and the Plaintiff could not obtain specific performance of that provision of the Stipulation of Settlement or Divorce Judgment.  However, Referee Gibson also found that

because the Defendant re-entered and occupied the marital residence in December of 1990 without the Plaintiff's consent and in violation of the Divorce Judgment, the Plaintiff was entitled to an award of $150 per day the Defendant remained at the marital residence. Even though the Defendant had remained at the marital residence for more than 13 years, Referee Gibson limited the $150 a day award to 6 years from when the Defendant wrongfully re-entered the property for a total of $328,650, plus interest, because of the expiration of the 6-year statute of limitations. Lastly, Referee Gibson found in the May 21, 2004 Report that the Plaintiff was also entitled to attorneys' fees incurred because of Defendant's wilful default of the state court judgment and orders relating to the divorce.

The state court confirmed the May 21, 2004 Report and entered a judgment on July 29, 2005 in the sum of $861,924.94 in favor of the Plaintiff against the Defendant, which was recorded on August 1, 2005 (the "$861,924.94 Judgment"). The $861,924.94 Judgment consisted of an award of $275,793.84 for child support arrears and a distributive award of $586,131.10 pursuant to the May 21, 2004 Report. Although the Defendant appealed the $861,924.94 Judgment, the appeal was dismissed on August 19, 2006 due to the Defendant's failure to perfect the appeal timely.

Referee Gibson issued a second report, dated August 7, 2005 (the "August 7, 2005 Report") which confirmed his findings in the May 21, 2004 Report and found that the Plaintiff had incurred a total of $129,587.36 in legal fees and costs, of which she had already paid $99,346.69 out-of-pocket, in seeking to enforce the Divorce Judgment and the June 4, 1990 Order and that the attorneys' fees and costs were reasonable. The state court confirmed the August 7, 2005 Report and entered a judgment on April 27, 2007 against the Defendant which

awarded the Plaintiff attorneys' fees and interest in the sum of $183,458.55 (the "$183,458.55 Judgment"). The $183,458.55 Judgment together with the $861,924.94 Judgment constitutes the judgements at issue (the "Judgments"). Contrary to the Defendant's allegation that the attorneys' fees were "tacked on" by the state court, the Court finds that the fees were clearly awarded pursuant to the terms of the Divorce Judgment as a result of the Defendant's wilful failure to comply with the Divorce Judgment and other orders of the state court.

The Plaintiff also commenced a partition action with respect to the marital residence in state court and a receiver was appointed. Soon after the receiver commenced eviction proceedings against the Defendant, the Defendant filed for chapter 7 relief on July 23, 2007 (the "Petition Date").

The Plaintiff timely commenced this adversary proceeding against the Defendant on October 19, 2007 seeking (1) a determination that the two Judgments are nondischargeable and (2) an award of attorneys' fees and costs for bringing this proceeding to enforce the two Judgments. The Defendant concedes that $275,793.84 of the $861,924.94 Judgement relating to child support arrears is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). However, the Defendant argues that the remainder of the $861,924.94 Judgment and the $183,458.55 Judgment for attorneys' fees should be dischargeable because (1) the amounts assessed against the Debtor for his occupancy of the marital residence were not support obligations but a dischargeable penalty and (2) pursuant to N. Y. Domestic Relations Law § 237(c) awards of attorney's fees in New York matrimonial actions are required to be payable directly to the attorney and not to the Plaintiff. The Defendant argues that even if the former spouse has already paid the attorneys' fees out of pocket, the proper procedure is for the payment to be

made to the Plaintiff's matrimonial attorneys. *See* Scheinkman, Practice Commentaries, 14 McKinney's Cons. Laws of N.Y. Domestic Relations Law, Section 237, C237:7 at 26-27.

The Court conducted a trial on the matter on April 7, 2008 and June 2, 2008. Both parties submitted separate Pre-Trial Memorandum of Law and Post-Trial Memorandum of Law.

## DISCUSSION

Because this bankruptcy case was filed after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the BAPCPA amendments to 11 U.S.C. § 523 apply. Under Section 523(a)(5), a discharge under the Bankruptcy Code does not discharge an individual debtor from any debt for a domestic support obligation.

For purposes of the Bankruptcy Code, a "domestic support obligation" means "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is --

    (A)    owed to or recoverable by --
            (i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
            (ii)    a governmental unit;
    (B)    in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C)    established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of --
            (i)    a separation agreement, divorce decree, or property settlement agreement;
            (ii)    an order of a court of record; or
            (iii)    a determination made in accordance with applicable nonbankruptcy law by a government unit; and
    (D)    not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or

> such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). Therefore, all obligations of a debtor awarded to a former spouse or child in relation to a state court judgment for domestic support are nondischargeable.

With respect to non-domestic support obligations, such as awards relating to equitable distribution, 11 U.S.C. § 523(a)(15) now provides that a discharge under the Bankruptcy Code does not discharge an individual debtor from any debt –

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

Prior to BAPCPA, 11 U.S.C. § 523(a)(15) provided a debtor with statutory defenses to a former spouse's objection to the discharge of non-support type obligations based upon (1) whether the debtor has the ability to pay a debt relating to such obligation or (2) whether discharging such debt would result in a benefit to the debtor that would outweigh the detrimental consequences to the former spouse or child of the debtor.

As a result of BAPCPA, a property settlement obligation incurred pursuant to a divorce is unqualifiedly also nondischargeable under section 523(a)(15). In individual Chapter 7 and 11cases, 'the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt. ... The enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005 amendments, expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no

longer accomplished solely through the traditional mechanism of support and alimony payments. State courts do not always draw a sharp distinction between support and property division in providing for the post-divorce economic security of dependent family members. Property settlement arrangements are often "important components of the protection afforded individuals who, during the marriage, depended on the debtor for their economic well-being.'" 4 L. King, COLLIER ON BANKRUPTCY, ¶ 523.21 at 523-118 (15th ed. rev. 2008). Therefore, this Court need not make a determination on whether the amounts awarded under the Judgments at issue constitute domestic support obligations under 11 U.S.C. § 523(a)(5) if the Plaintiff can demonstrate that the Judgments would be nondischargeable in any event under 11 U.S.C. § 523(a)(15) because each Judgment constitutes a debt (1) owed to or recoverable by "a spouse, former spouse, or child of the debtor" and (2) "is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record".

While the Defendant seeks to characterize the $150 a day amounts awarded under the $861,924.94 Judgment as a penalty and not a support obligation, the Court finds this argument to be irrelevant to the Court's determination of dischargeability under 11 U.S.C. § 523. First, Referee Gibson addressed the Defendant's argument in his confirmed reports and found that the $150 a day provision in the Divorce Judgment was not a penalty and the Divorce Judgment was never appealed. Thus, it is *res judicata* and enforceable. In addition, this Court is required to give full faith and credit to the state court Judgments under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or

modification of a state court judgment. Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998). The validity and enforceability of the Judgments are not for this Court to decide. *In re Salem*, 290 B.R. 479, 482 (S.D.N.Y. 2003). The only issue before this Court is not whether the state court Judgments were correctly decided but whether they are dischargeable in whole or in part under 11 U.S.C. §§ 523(a)(5) and/or (a)(15).

In this case, for purposes of 11 U.S.C. § 523(a)(15), the Judgments are clearly awarded by the state court in connection with a divorce decree and to enforce prior orders of the state court concerning the Plaintiff's rights and remedies under the Divorce Judgment. The Judgments were awarded to the Plaintiff due to her status as the Defendant's former spouse. While the Defendant cannot dispute this, the Defendant does seek to recharacterize the nature of the Defendant's obligations under the Judgments by analogizing this case to other situations where courts have found such obligations to be dischargeable. However, the Court finds the cases relied upon by the Defendant to be inapposite, distinguishable and inappropriate to the case at bar. With respect to the non-child support amounts awarded under the $861,924.94 Judgment, there was no landlord-tenant or other type of relationship between the Defendant and the Plaintiff that would render the amounts awarded outside the scope of the Divorce Judgment. Rather, the state court awarded the Plaintiff the $150 per day amounts as agreed upon by the parties in the Stipulation of Settlement and as set forth in the Divorce Judgment because the Defendant occupied the marital residence without the Plaintiff's consent in violation of the Stipulation of Settlement and the Divorce Judgment.

The Defendant's argument that the $183,458.55 Judgment for attorneys' fees should be

excepted from discharge simply because the payments should be made payable to the Plaintiff's matrimonial attorneys directly pursuant to N.Y. Domestic Relations Law § 237(c) and not the Plaintiff improperly elevates form over substance. It is a "well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir. 1981). Indeed, if only a former spouse's counsel is entitled to attorney's fees under N.Y. Domestic Relations Law § 237(c), then arguably attorney's fees awarded in New York divorce cases may be rendered dischargeable under a narrow interpretation of 11 U.S.C. § 523(a)(5) and (15) as those provisions do not list obligations owing to a spouse's counsel as being excepted from discharge. While courts have differed as to whether attorney's fees directly payable to counsel as opposed to a former spouse are dischargeable under BAPCPA where the attorney seeks a determination of dischargeability in bankruptcy court, the Court finds in this instance that the state court specifically awarded the attorneys' fees to the Plaintiff notwithstanding N.Y. Domestic Relations Law § 237(c). The Plaintiff is the real party in interest seeking the determination of nondischargeability of the fees and costs, especially when the Plaintiff has already paid out of pocket most of the attorneys' fees and costs she incurred for which the $129,587.36 Judgment seeks to reimburse her. Moreover, to except such attorneys' fees and costs from discharge in light of the Defendant's wilful failure to comply with the state court judgments and orders is consistent with the legislative purpose of 11 U.S.C. §§ 523(a)(5) and (a)(15). *In re Spong*, 661 F.2d at 9.

Accordingly, the Plaintiff has satisfied the requirement under 11 U.S.C. § 523(a)(15) that the obligations incurred by the Debtor to Plaintiff under the non-child support portion of the

$861,924.94 Judgment and the $183,458.55 Judgment are owing to a former spouse and were clearly incurred in connection with the parties' divorce.

The Plaintiff's request for attorney's fees and costs incurred in bringing this adversary proceeding is also granted because the Plaintiff is entitled to indemnification pursuant to the terms of the Stipulation of Settlement and Divorce Judgment for bringing this action to enforce the Judgments. The purpose of awarding support and enforcing the indemnification provisions of the Stipulation of Settlement and Divorce Judgment would be undermined if the Defendant can force his former spouse into the bankruptcy court and incur significant financial expense to challenge the dischargeability of the Judgments without reimbursement of such fees and costs.

## CONCLUSION

Based on the foregoing, the undisputed $281,716.43 portion of the $861,924.94 Judgment which represents child support arrears is a nondischargable domestic support obligation incurred by the Debtor under 11 U.S.C. § 523(a)(5). The Debtor's obligation to pay the outstanding balance of the $861,924.94 Judgment and the $183,458.55 Judgment are excepted from discharge under 11 U.S.C. § 523(a)(15). The Court shall schedule an evidentiary hearing to determine the amount of attorney's fees and costs incurred by the Plaintiff in prosecuting this adversary proceeding.

Dated: Central Islip, New York
      August 14, 2008

                                                  *s/Dorothy Eisenberg*
                                                  Dorothy Eisenberg
                                                  United States Bankruptcy Judge